# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 18 CV 50374 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Jeffery M.L. Boyd, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the following reasons, defendant's 28 U.S.C. § 2255 motion [1] is denied. Defendant's motion for appointment of counsel [8] is denied. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT-OPINION

On November 28, 2018, defendant Jeffery M.L. Boyd filed a 28 U.S.C. § 2255 motion challenging his sentence. *See* [1]. On February 4, 2019, defendant filed a "supplement" to his motion [4], which the court accepted as part of his motion. *See* [6]. The government filed a response to defendant's motion on February 8, 2019 [7], and defendant filed a reply on April 1, 2019 [9]. Defendant has also filed a motion for appointment of counsel [8].

**Background**

On May 10, 2017, defendant entered a plea of guilty to attempted robbery of a person having lawful custody of money of the United States in violation of 18 U.S.C. § 2114(a) (count two of the indictment), and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (count three of the indictment).[1] In the plea agreement, defendant admitted that he arranged to meet the victim on April 5, 2016, in Rockford for the purpose of selling the victim a firearm. Defendant and co-defendant Kuczynski went to the pre-arranged meeting with a loaded shotgun. At the meeting, Kuczynski pointed the shotgun at the victim and demanded the money the victim brought to purchase the firearm. The victim ran away and Kuczynski fired the shotgun at the victim. A bullet hit the victim in the lower right back. At the time of crime, the victim was in possession of $220. Defendant admitted that he and Kuczynski knowingly used, carried, brandished, and discharged the shotgun during and in relation to a crime of violence – namely, the attempted robbery of the victim who was in possession of $220.

---

[1] *See United States v. Boyd*, Case No. 16 CR 50021 (N.D. Ill.).

On August 21, 2017, the court entered judgment against defendant for the offenses and sentenced defendant to a term of 180 months in the Bureau of Prisons – 60 months' incarceration on count two, and a mandatory consecutive sentence of 120 months' incarceration on count three. (*See* 16 CR 50021, [69].) Defendant did not file a direct appeal.

Defendant filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on November 28, 2018 [1], and supplemented his motion with additional argument on February 4, 2019 [4]. In his motion, defendant argues (1) his conviction under 18 U.S.C. § 924(c) is now subject to "new constitutional law" in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and Sessions *v. Dimaya*, __U.S.__, 138 S. Ct. 1204 (2018), which held residual clauses unconstitutionally vague, and/or (2) his conviction under 18 U.S.C. § 924(c) is invalid because his conviction under 18 U.S.C. § 2114(a) cannot be considered a "crime of violence." Because the court finds defendant was sentenced under the elements clause and not the residual clause of 18 U.S.C. § 924(c), and his conviction under 18 U.S.C. § 2114(a) qualifies as a "crime of violence," defendant's arguments fail, and his motion is denied. Additionally, because the court finds no merit in defendant's arguments, his motion for appointment of counsel [8] is denied.

**Analysis**

The government argues initially that defendant's claims are procedurally defaulted because he did not raise them on an appeal. "A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018) (citing *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016)). Defendant has not previously raised his § 2255 issues with this court, nor has he raised them in a direct appeal. Defendant may, however, "overcome procedural default by showing cause for the default and actual prejudice." *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018). While the court questions defendant's ability to overcome the default here, the court acknowledges defendant's argument that a "new constitutional law" now applies to him and allows his arguments to proceed on their merits.

First, defendant argues he was sentenced under a residual clause which has now been held unconstitutional. Under 18 U.S.C. § 924(c)(3), a "crime of violence" is a felony offense and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [elements clause], or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [residual clause]." The United States Supreme Court has recently held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, __ S.Ct. __, 2019 WL 2570623 (2019). In *Davis*, the Supreme Court found the residual clause in § 924(c)(3)(B) nearly identical to the residual clause found at 18 U.S.C. § 16(b) (which defined a "crime of violence") and the residual clause of the Armed Career Criminal Act ("ACCA") (which defined "violent felony"). *Johnson v. United States*, 135 S. Ct. 2551 (2015), held the residual clause found in the ACCA's definition of "violent felony" unconstitutional; *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), held the residual clause in the Immigration and Nationality Act's definition of "crime of violence" impermissibly vague and, therefore, unconstitutional. The high court found that these clauses "required courts 'to picture the kind of conduct that the

crime involves in the ordinary case, and to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk.'" *Davis*, 2019 WL 2570623 at *5 (quoting *Dimaya*, 138 S. Ct. at 1216). Therefore, the court agrees with defendant that the teachings of *Johnson*, *Dimaya*, and now *Davis*, dictate that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional, and therefore any conviction subject to that clause may provide defendant relief. However, the analysis does not end there.

Next, the court must determine if defendant's underlying crime of attempted robbery of a person having lawful custody of money of the United States (18 U.S.C. 2114(a)) has as an element "the use, attempted use, or threatened use of physical force against the person or property of another" in order for defendant's conviction to properly fall within the "elements clause." Section 2114(a) states:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a).

As noted by the Seventh Circuit in *United States v. Enoch*, 865 F.3d 575 (7th Cir. 2017), this particular statute contains different crimes with different elements (the section before the semi-colon and the section after the semi-colon). *Enoch* noted: "If statutory alternatives in a criminal statute carry different punishments, then they must be elements of different crimes." *Id.* at 579. Therefore, this statute is "divisible", and the court must employ a "modified categorical approach" to determine which of the two sections of the statute describe defendant's conviction. *Id*. at 580. This approach "allows a court to look beyond the statutory definition to a limited number of documents to determine to which crime, with which elements, the defendant was convicted." *Id*. The court may examine, among other things, a charging document, a written plea agreement, and a transcript of the plea. *Id*.

Here, defendant's indictment states defendant "attempted to rob a person having lawful charge, control, and custody of money of the United States, namely, approximately $220 in United States currency, and in effecting such attempted robbery did wound said person." The written plea agreement details defendant's involvement in the attempted robbery of the victim, the firing of a shotgun at the victim as the victim ran away, and the wounding of the victim in his lower right back from the firing of the shotgun. Just as in *Enoch*, it is clear to the court defendant was charged with and pleaded guilty to the second section of § 2114(a). "There can be no doubt that wounding a victim or putting the life of a victim in jeopardy is a violent crime," and that the "second part of the statute [18 U.S.C. § 2114(a)] constitutes a crime of violence."

*Enoch*, 865 F.3d at 580-81.  The *Enoch* court concluded that because "the second part of 18 U.S.C. § 2114(a) constitutes a crime of violence as described in 18 U.S.C. § 924(c)," the district court appropriately sentenced the defendant.  *Id*. at 582.  The court finds *Enoch* on point.  Like *Enoch*, defendant pleaded guilty to attempted robbery of a person having lawful custody of money of the United States in violation of 18 U.S.C. § 2114(a), and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  The court finds defendant was properly convicted under § 924(c)(1)(A) of a "crime of violence" pursuant to § 924(c)(3)(A) – the elements clause.  Therefore, the defendant cannot find relief in *Johnson*, *Dimaya*, or the residual clause of § 924(c)(3)(B).

For the above stated reasons, the court denies defendant's motion pursuant to 28 U.S.C. § 2255 [1], denies defendant's motion for appointment of counsel [8], and finds there is no basis for an evidentiary hearing.

**Certificate of Appealability**

Finally, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, the court declines to issue a certificate of appealability.  A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The court finds that while defendant has attempted to raise constitutional claims through his motion for relief under § 2255, his claims are without merit and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted).  As such, the court declines to issue a certificate of appealability.  This matter is terminated.

Date: 07/10/2019                                  ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)